Holcomb v. The People.

## Holcomb v. The People, etc.

1. *Intoxicating Liquors—Extract of Lemon.*—An article generally and properly known and used for culinary purposes, recognized, and a formula prescribed for its preparation as such, in standard dispensaries, prior to the enactment of the dram shop act, and not then known and classified among liquors used as a beverage, is not to be deemed an intoxicating liquor within the meaning of this enactment, simply because it contains alcohol, and may, or in fact, does, produce intoxication.

Memorandum.—Sale of intoxicating liquors. Appeal from a fine imposed by the County Court of Pike County; the Hon. EDWARD DOOCEY, County Judge, presiding. Heard in this court at the November term, A. D. 1892. Opinion filed March 6, 1893.

The opinion of the court states the case.

APPELLANT'S BRIEF, A. G. CRAWFORD, ATTORNEY.

The dram shop act is of a highly penal character, and should receive a strict construction; and in the construction of the statute the courts are not confined to a literal meaning of the words of the statute. An intention may be collected from the necessity or object of the act, and its words may be enlarged or restricted to its true intent. Cruse v. Aden, 127 Ill. 231; Aden v. Cruse, 21 Ill. App. 391; Albrecht v. The People, etc., 78 Ill. 510; Hogg v. The People, 15 Ill. App. 288.

Whatever is generally and popularly known as a medicine or as an article for toilet or for culinary purposes, and which is recognized and the formula for its preparation prescribed in some standard authority (such as the United States Dispensatory) and is not among the liquors ordinarily used as intoxicating beverages, such as tincture of gentian, paregoric, bay rum, cologne and essence of lemon, is not within the statute notwithstanding such articles contain alcohol and will produce intoxication. Black on Intoxicating Liquors, 8; 25 Kas. Rep. 751; 37 Am. Rep. 284; State v. Haymond, 20 W. Va. 18; 43 Am. Rep. 787; State v. Laffer, 38 Iowa, 422.

APPELLEE'S BRIEF, W. E. WILLIAMS, AND A. BEAVERS, ATTORNEYS.

The sale of an article called "pop," if of an intoxicating quality, is a violation of the law. So, in Feldman v. The City of Morrison, 1 Ill. App. 460, it is held a violation to sell "cider" of an intoxicating quality. In Housberg v. The People, it is held that "beer" may or may not be an intoxicant, and that the question is one of proof. Our courts have never held, to my knowledge, that the *name* or *use* of an article should determine the question as to whether it should be sold, but always that it should be determined from the character or quality of the article—is it an intoxicant? Godfreidson v. The People, 88 Ill. 284.

OPINION OF THE COURT, BOGGS, J.

This is an appeal from a judgment imposing upon the appellant a fine for alleged unlawful sales of intoxicating liquors. Counsel for the people in their brief say: "The case upon its merits presents a single issue, and that is whether extract of lemon may be sold without violating section 2 of the dram shop act."

An article generally and properly known and used for culinary purposes, recognized, and a formula prescribed for its preparation as such, in standard dispensatories prior to the enactment of the dram shop act, and not then known and classed among liquors used as a beverage, is not, we think, to be deemed an intoxicating liquor within the meaning of the enactment, simply because it contains alcohol, and may, or in fact does, produce intoxication.

This view is supported by the cases collected in Vol. 37 American Reports, page 284. (Intoxicating Liquor cases.) See also Black on Intoxicating Liquor, chapter 1, Sec. 8. Extract of lemon, it appears from the evidence, is such a preparation, and it is not to be deemed as within our statute, simply upon proof that it contains alcohol in sufficient quality to produce, and does produce, intoxication. There is no proof that the sales of extract of lemon, of which the

appellant was convicted, were mere shifts or devices to avoid the penalties or evade the provisions of the dram shop act.

The judgment must be and is reversed and the cause remanded.